IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>CODY D. VANCURA,<br><br>        Defendant. | **4:21CR3067**<br><br>**ORDER** |

After reviewing the evaluation from Kirk A. B. Newring, Ph.D., (Filing No. 64), questioning Defendant, (Filing No. 68), and hearing defense counsel's assessment on this issue, the court finds Defendant has the cognitive ability, competence, and capacity to consult with counsel, understand the criminal proceedings, and participate with and assist counsel in the defense of this case.

Defendant now needs to time to engage in additional plea negotiations before deciding whether to proceed to trial. Defendant states he is currently satisfied with counsel and his ability to communicate with counsel.

Accordingly,

IT IS ORDERED:

1. Defense counsel's oral motion to determine competency, (Filing No. 60), is granted, and the court finds the defendant is competent to stand trial.

2. Defendant's motion for new counsel, (Filing No. 59), is denied as moot.

3. A telephonic conference with counsel will be held before the undersigned magistrate judge at 10:00 a.m. on June 22, 2023 to discuss setting any pretrial motion hearing needed, a change of plea hearing, or the date of the jury trial and deadlines for disclosing experts as required under Rule 16. Counsel for all parties shall use the conferencing instructions provided by the court to participate in the call.

    Thirty (30) minutes have been set aside for this conference. So, if the defendant chooses to enter a plea of guilty that day, <u>defense counsel must notify the court of that intent at least 48 hours prior to the hearing</u> so that Defendant's transport to the courtroom can be scheduled.

4. The ends of justice served by granting the motion to continue outweigh the interests of the public and the defendant in a speedy trial, and the time between today's date and June 22, 2023 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice.  18 U.S.C. § 3161(h)(1) & (h)(7). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

May 25, 2023.

                                        BY THE COURT:

                                        *s/ Cheryl R. Zwart*
                                        United States Magistrate Judge