IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3067 |
| vs. | |
| CODY D. VANCURA, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. Both parties have objected to the presentence report. Filing 106; filing 110. The government has moved for an upward variance. Filing 106.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. Both parties have objected to the presentence report. Filing 106; filing 110. Most of the objections, so far as the Court can tell, involve the same video, described in a police report as follows:

> Video file approximately 26 seconds in length showing a prepubescent female with gray shorts and multicolored underwear. The female has a mole on her inner thigh close to her vagina. It appears an adult hand manipulates the clothes, moving the shorts and underwear to the side to expose her vagina. After the adult's hand manipulates the clothes, two fingers are used to open her vagina and appeared to be slightly penetrating her vagina.

Filing 103-1 at 2.

The presentence report relies on that video to support two enhancements to the offense level: A 4-level enhancement pursuant to U.S.S.G. § 2G1.1(b)(1)(A) for involving a minor under the age of 12 in the offense, and a further 2-level enhancement pursuant to § 2G2.1(b)(2)(A) for committing "sexual contact." The defendant objects to both enhancements. Filing 110. For its part, the government defends both enhancements and objects to the failure to assess another enhancement: a 4-level enhancement pursuant to § 2G2.1(b)(4)(A) for "sadistic or masochistic conduct." Filing 110.

If the defendant objects to any of the factual allegations contained in the presentence report on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Similarly, the government bears the burden of proving the applicability of an enhancement to the offense level. *United States v. Shelabarger*, 770 F.3d 714, 717-18 (8th Cir. 2014). Accordingly, the government bears the burden of proving all three enhancements at sentencing.

The 4-level enhancement pursuant to § 2G1.1(b)(1)(A) is being applied because the victim was identified as a 4-year-old. The defendant didn't specify what he disputed, so this objection will be overruled if the government presents evidence that the victim is actually a 4-year-old. But the Court will make a final determination at sentencing.

The 2-level enhancement for "sexual contact" is applied when the conduct involves

> the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

*See id.* cmt. n.2 (citing 18 U.S.C. § 2246(3)). Again, if the government's evidence shows what it's purported to show, this objection is likely to be overruled. But the Court will resolve that issue at sentencing.

The government's objection involves the same video. Section 2G2.1(b)(4)(A) provides for an additional 4-level enhancement if the offense involved material portraying "sadistic or masochistic conduct or other depictions of violence." The government notes that the Eighth Circuit has held that "actual or attempted penetration" is "per se sadistic," and that it was not clearly erroneous to conclude that images showing "fingers placed on the inside of the child's labia, spreading them to expose her genitalia" depicted "a form of penetration" supporting the enhancement. *United States v. Morgan*, 842 F.3d 1070, 1076 (8th Cir. 2016); *see also United States v. McCloud*, 806 F. App'x 492 (8th Cir. 2020). The Court will resolve this objection at sentencing.

The defendant offers another objection involving another video: He objects to assessing the 2-level enhancement of § 2G2.1(b)(2)(A) for committing "sexual contact" based on a video described as:

> Video file made by the phone itself and was approximately eleven seconds long depicting a prepubescent female with gray shorts and multicolored underwear. The female has a

- 4 -

> mole on her inner thigh close to her vagina. It appears an adult hand manipulates the clothes, moving the shorts and underwear to the side to expose her vagina.

It's not clear from that description whether the definition of "sexual contact" is satisfied. Accordingly, the Court will resolve this issue on the evidence at sentencing.

Finally, the government argues that a sentence of 360 months' imprisonment should be imposed, regardless of how the objections are resolved—which means that at least potentially, the government is asking for an upward variance. The Court will resolve this matter at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 24th day of January, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge